# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1956 | **DATE** | 4/1/2002 |
| **CASE TITLE** | Scott Stassen vs. Village of Arlington Heights | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the Court denies plaintiff's motion for a new trial (50-1). All other pending motions are terminated as moot. Plaintiff is directed to respond to defendant's bill of costs (filed 2/11/02) on or before 4/16/02.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 0 3 2002 | 57 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SCOTT STASSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 00 C 1956 |
| ) | |
| VILLAGE OF ARLINGTON HEIGHTS ) | |
| and SERGEANT RODNEY KAPPELMAN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

This case was tried before a jury in January 2002 on Scott Stassen's claim under 42 U.S.C. §1983 against Village of Arlington Heights Police Sergeant Richard Kappelman for excessive force, as well as Stassen's state law claims for assault and battery against Kappelman and (via vicarious liability) against the Village. The jury returned a verdict for defendants. Stassen has moved for a new trial.

Stassen, a lawyer, went to the Arlington Heights police station on the night of April 1, 1999 to meet with a client who had been arrested and was being held at the station. Kappelman, the highest ranking police officer on duty at the station that night, searched Stassen before he went to lockup to visit his client. Stassen testified that during the course of the search, Kappelman fondled his buttocks and squeezed his testicles hard, several times, causing him extreme pain. Stassen's physician, Dr. Frank Capobianco, testified that the following morning, Stassen came to see him and not only complained of testicular pain, but displayed objective signs



of trauma, including bruising and swelling. The grandfather of Stassen's client testified, by way of deposition, that when Stassen came to his house after leaving the police station, he complained of pain in his testicles and had trouble standing up straight.

Kappelman admitted patting down Stassen's buttocks area but denied that he had fondled Stassen's buttocks. He also admitted searching the area of Stassen's testicles, saying that he did this to ensure that no contraband was taken into the lockup area. Though he admitted "cupping" Stassen's testicles during the search, Kappelman denied squeezing them. Defendants' attorney attempted to impeach Dr. Capobianco by claiming bias and by showing that the doctor had not sent Stassen a bill until two years after the alleged office visits. And Community Service Officer Denise Thimios, a civilian employee of the police department who was working the front desk at the police station on April 2, testified that she was able to see the area in which the search occurred via a video monitor and that she observed nothing unusual.

The jury found in favor of defendants. Stassen has moved for a new trial on three grounds. First, he argues that the Court erroneously excluded deposition testimony by Robert Lynch, a former Arlington Heights police officer. In his deposition, Lynch testified that on the night of April 1, another officer whom Lynch could not identify told Lynch that there had been an incident between Kappelman and an attorney at the station and that Kappelman had grabbed and squeezed the attorney's testicles while searching him. He also testified that there was "a lot of unusual radio traffic" on the police radio that evening and that Kappelman was "calling people into the station." Second, Stassen argues that the Court erred in requiring him, during the course of the trial, to produce certain records for defendants' inspection. Third, Stassen argues that the judge who had the case before it was transferred to our docket erred in denying plaintiff's motion

for leave to file an amended complaint, and that this Court erred in granting certain motions *in limine* filed by defendant.

We deal with these issues in reverse order. On the issue of amendment of the complaint and granting of the motions *in limine,* plaintiff has simply referenced the prior rulings, without citing any particular reasons why they were in error. Under the circumstances, the Court sees no need to revisit the issues and instead simply reaffirms the prior rulings.

We turn next to the question of the summary exhibit. Stassen, whose practice consisted largely of tax preparation, claimed that he was unable to work because of the pain and as a result was forced to turn clients away during the heaviest part of the tax-preparation season; he sought damages for the lost income. He proposed to introduce in evidence a summary exhibit listing clients and fees he claimed to have lost. *See* Pl. Ex. 16. Defendants objected to the exhibit as hearsay and as an inadmissible summary. The Court learned of this objection the day before trial was to begin; the case had been reassigned to this Court for trial as part of a pooled trial calendar held by several judges of this Court, and the judge from whose docket the case was reassigned had not ruled on disputed issues noted in the final pretrial order. Stassen had failed to produce any of the records supporting the summary, which provided a basis for exclusion of the summary under Federal Rule of Evidence 1006. Rather than excluding the exhibit, however, the Court advised Stassen on the first day of trial, January 8, 2002, that he would be permitted to use the exhibit so long as he produced the underlying records for defendant's inspection. Because Stassen was scheduled to be the first witness called by the plaintiff, the Court directed him to produce the records by the morning of the second day of trial, January 9. Stassen began testifying on direct examination on the afternoon of January 8, and he completed his testimony

on the morning and afternoon of January 9, after producing the records as the Court had directed.

Stassen now claims that the result of his gathering of the documents on the night of January 8 was a lack of sleep that "interfered with his ability to clearly answer Defense counsel's question[s]," and that "made him appear tired and disinterested in the case, slowed his delivery and made him struggle for answers." Pltf. Motion at 14. Stassen's claim is not consistent with the Court's observation; we observed no appreciable difference in Stassen's demeanor, concentration, or responsiveness as between the first and second days of his testimony. And just as importantly, Stassen failed to call the issue of actual prejudice to the Court's attention at any time during the trial. He could have asked for a recess due to alleged fatigue, but he did not, instead waiting until after the jury found against him to raise the issue for the first time. Under the circumstances, the Court finds that Stassen has waived the issue.

In any event, Stassen identifies no error in the Court's ruling requiring production of the records. Rule 1006 on its face requires that the underlying records "be made available for examination or copying, or both, by other parties," and it provides that "[t]he court may order that they be produced in court." Fed. R. Evid. 1006. Because Stassen had refused to make the underlying records available prior to trial, requiring their production at trial was a fair alternative to the other possibility, namely exclusion of the summary exhibit from evidence. For these reasons, the Court rejects Stassen's argument.

We turn next to Stassen's claim that the Court improperly excluded Lynch's deposition testimony about "unusual radio traffic." In fact, as defendants argue, the Court did not exclude this testimony; when defendants pointed this out in their response to Stassen's motion for new trial, Stassen did not reply, thus effectively conceding the point. Stassen is not entitled to a new

4

trial based on his failure to introduce this testimony, and in any event he has identified no prejudice to his case stemming from the failure.

We deal last with Stassen's primary argument, concerning the exclusion of Lynch's testimony about what he had heard from the unidentified officer. The Court ruled that the testimony was inadmissible hearsay vis-a-vis Kappelman and excluded it pursuant to Rule 403 as to the Village. Stassen argued that the testimony was not hearsay as to Kappelman because it was a statement by an agent of Kappelman, *see* Fed. R. Evid. 801(d)(2)(D), but the Court rejected the argument.

First of all, there is no question that Lynch's testimony that an officer had told him that Kappelman squeezed a lawyer's testicles was hearsay. It was an out-of-court statement whose import was to establish the truth of the matters asserted in the statement – i.e., that Kappelman in fact had squeezed Stassen's testicles. Stassen's argument that the evidence was offered to "impeach" Kappelman's version is unavailing; what the testimony communicated was an alternative version of the truth, coming from another declarant, and that is clearly a hearsay use under Rule 801(c). *See, e.g., Bemis v. Edwards*, 45 F.3d 1369, 1372 (9th Cir. 1995).

At trial, Stassen failed to support his argument that the statement was admissible under Rule 801(d)(2)(D) as the statement of an agent of Kappelman. Admission of a statement under that Rule requires a showing that the declarant was the opposing party's agent, that the statement concerned a matter within the scope of the agency, and that it was made during the existence of the agency. *See Nekolny v. Painter*, 653 F.3d 1164, 1171 (7th Cir. 1981). The Court agrees with Stassen that the fact that the other officer was an employee of the Village does not preclude him from being considered an agent of Sergeant Kappelman for purposes of Rule 801(d)(2)(D), *see*

*id.; Crawford v. Garnier*, 719 F.2d 1317, 1323-24 (7th Cir. 1983); *Zaken v. Boerer*, 964 F.2d 1319, 1323 (2d Cir. 1992), but in this case Stassen failed to show that an agency relationship actually existed.[1] The fact that Kappelman outranked Lynch and, presumably, the other officer does not by itself make the other officer Kappelman's agent; the issue of agency requires examination of "the relationship between the declarant and the defendant." *Zaken*, 964 F.2d at 1323. Stassen failed to show at trial, and fails to show in his motion for new trial, that the other officer reported to Kappelman at any time, let alone on the night in question – a showing necessary to establish both the existence of the agency and the fact that the statement was made during the course of the agency.

Furthermore, Lynch's inability to identify the other officer, even when provided a list of names of other officers on duty on April 1, *see* Lynch Dep. 75-77, rendered the statement inadmissible under the primary authority on which Stassen relies, *Zaken,* in which the Second Circuit upheld the exclusion of a statement that could not be attributed to a specific individual. *Id.* at 1323-24. Indeed, Lynch's inability to attribute the statement to any particular officer would have led the Court to exclude the statement under Rule 403 even if we had not excluded it as hearsay, as the testimony was virtually, if not completely, impossible for defendants to attempt to meet without calling virtually the entire police force to testify and thus was unfairly prejudicial

---

[1] Stassen argues that defendants waived the issue of his failure to show the existence of an agency relationship by failing to make this objection at Lynch's deposition. *See generally* Fed. R. Civ. P. 32(d)(3)(B). The Court disagrees. First of all, Stassen himself has waived this point; the issue of admissibility under Rule 801(d)(2)(D) was raised at trial, and Stassen, who had the burden of demonstrating the threshold for admissibility, never mentioned the issue of defendants' purported waiver. Secondly, there is no basis to believe that Lynch, even if given the opportunity at his deposition, could have laid the predicate for establishing the existence of an agency relationship between the unknown officer and Kappelman.

far out of proportion to its probative value.

Furthermore, Lynch admitted that he had characterized the statement as a "rumor," *see* Lynch Dep. 23, and under the circumstances it is likely that the statement represented more than one level of hearsay, thus requiring Stassen to come up with a hearsay exception or a non-hearsay use for each level of hearsay, a showing he was and is unable to make. For these reasons, the Court reaffirms its ruling that the statement was inadmissible as to Kappelman.

As the Court noted at trial, the attribution of the statement to an Arlington Heights police officer likely was sufficient to overcome the hearsay objection insofar as the statement was offered against the Village. But though Stassen had a state-law claim against the Village, it was a vicarious liability claim that was premised exclusively on his state-law claim against Kappelman. The Court believed at the time, and now reaffirms, that under the circumstances (including Lynch's inability to identify the officer who made the statement), the unfair prejudice to the Village that would have resulted from admission of the testimony far outweighed any actual probative value that this alleged "rumor" might have had.

Even if the exclusion was in error vis-a-vis the Village, Stassen has failed to show that it harmed his case. If the Court had admitted the statement, we would have had to instruct the jury that it could not be used against Kappelman. Because we must presume that the jury would have followed this instruction, the exclusion of the statement could not have made a difference in the outcome of Stassen's claim against Kappelman. And because, as we have noted, Stassen's claim against the Village was premised exclusively on the its vicarious liability for Kappelman's acts, Stassen's failure to prevail on his claim against Kappelman would have precluded a finding of liability against the Village. Thus Stassen was not harmed by any error in the exclusion of the

7

Lynch testimony vis-a-vis the Village.

## Conclusion

For the reasons stated above, the Court denies plaintiff's motion for a new trial [docket item 50-1]. All other pending motions are terminated as moot. Plaintiff is directed to respond to defendant's bill of costs (filed on February 11, 2002) on or before April 16, 2002.

                                                 MATTHEW F. KENNELLY
                                                 United States District Judge

Date: April 1, 2002